**Heist v. Henny Penny Farms Inc.**

*Vincent A. Coppola,* for plaintiff.
*Alexander Nemiroff,* for defendant.

SIBUM, *J.,* March 11, 2011—This matter comes before the court on defendant's motion to disqualify plaintiff's counsel. Plaintiff commenced this action seeking damages for wrongful termination from his employment with defendant, Henny Penny Farms, Inc. Plaintiff filed a complaint on August 13, 2009. A subsequent amended complaint was filed on September 16, 2009 which also included a claim for defamation. Defendant filed a motion to compel discovery on November 1, 2010. Upon receiving and reviewing said discovery, defendant filed a motion to disqualify plaintiff's counsel on November 17, 2010. Defendant avers that based upon plaintiff's responses to the discovery, plaintiff's counsel will be a fact witness in the case and had ex parte communications with defendant's owner, thus violating the Pennsylvania Rules of Professional Conduct. Both parties appeared before the court to argue their respective positions on February 7, 2011. We are now prepared to address this matter.

## DISCUSSION

A Pennsylvania trial court has the authority to disqualify an attorney whose behavior threatens to violate the rules of professional conduct. See *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 254, 602 A.2d 1277, 1283-84 (Pa. 1992); *McCarthy v. Southeastern Pa. Transp. Auth.,* 772 A.2d 987, 991 (Pa. Super. 2001)(Pennsylvania trial courts may sanction counsel by disqualification for violating the rules of professional conduct). This authority, however, is limited to those circumstances "where disqualification is needed to [e]nsure the parties receive the fair trial which due process requires." *Id.* citing *In re Estate of Pedrick,* 505 Pa. 530, 542, 482 A.2d 215, 221 (Pa. 1984). In addition, "[a] party seeking to disqualify opposing counsel has the burden of establishing that counsel's continued participation in the case would violate the disciplinary rules." *Petition of Kenvue Dev. Inc.,* 602 A.2d 470, 476 (Pa. Super. 1992).

In his motion to disqualify plaintiff's counsel, defendant argues that plaintiff's answers to requested discovery imply that his counsel, attorney Vincent Coppola ("Coppola"), violated rules 3.7 and 4.2 of the Pennsylvania Rules of Professional Conduct. The undisputed facts and procedural history of this case are as follows:

Plaintiff was employed by defendant as a truck driver. [amended complaint, ¶3; answer, ¶3.][1] Plaintiff suffered a work related injury while in the course and scope of his employment as an employee of defendant and

---

1. Reference to plaintiff's amended complaint filed on 9/30/09 will be cited as [amended complaint, ¶_.] and defendant's answer and new matter to the amended complaint filed on March 17, 2010 will be cited as [answer, ¶_.].

subsequently filed a Workman's compensation claim. *Id.* at 4, 5. Plaintiff notified defendant of his work related injury and thereafter received medical care and therapy under defendant's workers' compensation policy. *Id.* at 5. Plaintiff later returned to work yet continued to receive physical therapy. *Id.* at 7. Plaintiff alleges that defendant's owner, Lee Hoffner ("Hoffner"), contacted plaintiff by phone in June of 2009 and accused plaintiff of committing "serious insurance fraud" for receiving physical therapy after he had returned to work for the work related injury. *Id.* at 11, 12. Plaintiff's employment was subsequently terminated in June 2009. *Id.* at 16.

Plaintiff's instant action arises from his belief that defendant terminated his employment in retaliation for exercising his rights under Pennsylvania's Workers' Compensation Act, and that Hoffner subsequently made defamatory statements about plaintiff regarding the circumstances of his alleged workers' compensation claim. [amended complaint, ¶18, 24]

On July 10, 2009, Coppola sent a letter to Hoffner informing him that plaintiff was represented by counsel and that said counsel was aware of the defamatory statements made accusing plaintiff of "committing insurance fraud." [response, ¶22] Coppola also advised Hoffner of the illegality of firing an at-will employee in retaliation for filing a workers' compensation claim. *Id.* Several weeks later, yet prior to the institution of this action, two meetings with Hoffner took place to discuss the resolution of plaintiff's claims. [response, ¶22, Tab 3; defendant's brief, p. 2, exhibit C] Plaintiff and Coppola each attended at least one of the meetings. *Id.* Hoffner attended both meetings where he was again apprised that

it was illegal to fire plaintiff for exercising his right to workers' compensation benefits. *Id.* The underlying issue was not resolved at either meeting, and plaintiff instituted the present action against defendant by filing a complaint on August 13, 2009.

On August 6, 2010, defendant served interrogatories and document demands on plaintiff's counsel. Plaintiff responded to defendant's discovery requests on November 8, 2010. Defendant now bases his motion to disqualify plaintiff's counsel on plaintiff's answers to interrogatories no. 15 & 16.

Interrogatory No. 15 requested plaintiff to provide the factual basis for an allegation in the amended complaint in which plaintiff alleges that defendant refused to rehire plaintiff even after defendant was expressly apprised that it is unlawful to fire an employee for exercising one's statutorily protected right of workers' compensation. [motion, ¶6; response, ¶4; amended complaint, ¶21][2]

Plaintiff initially responded that plaintiff's counsel, Vincent A. Coppola, personally met with Mr. Hoffner. [motion, ¶6; response, ¶5] Plaintiff then submitted a supplemental answer to interrogatory no. 15, in which he clarified that Coppola personally met with Hoffner prior to the date on which the initial complaint was filed to advise Hoffner that it is illegal to fire someone for exercising a right to workers' compensation benefits. [response, ¶22, 23; defendant's brief in support of defendant's motion to disqualify, p. 2] Plaintiff claims the meeting occurred

---

2. Reference to defendant's motion to disqualify plaintiff's counsel filed 11/17/10 will be cited as [motion, ¶_.] and to plaintiff's response to defendant's motion to disqualify filed 12/27/10 will be cited as [response, ¶_.].

prior to the filing of his original complaint as an attempt to negotiate plaintiff's return to work and thus obviate litigation. [response, ¶13] Coppola had previously sent Hoffner a letter dated July 10, 2009, in which he had apprised Hoffner of the same information. [response, ¶22, tab 3] Subsequent to both Hoffner's receipt of the July 10 letter and the meeting with Coppola, Hoffner visited plaintiff's home and was again apprised that it was illegal to fire someone for exercising a right to workers' compensation benefits. [response, ¶22, tab 3; defendant's brief, p. 2]

Interrogatory No. 16 asked plaintiff to provide the factual basis for plaintiff's allegation that the defamatory statements were published with knowledge that they were false, or with reckless disregard for the truth of such statements. [motion, ¶7; response, ¶6; amended complaint, ¶28]

Plaintiff responded that Mr. Hoffner was apprised of the falsity of such statement by plaintiff and his representative. [motion, ¶7; response, ¶7] Plaintiff also clarified in his response that "plaintiff's representative" in interrogatory no. 16 does not refer to plaintiff's counsel, Mr. Coppola, as evidenced by the use of the word "representative" in interrogatory no. 16 versus identifying plaintiff's counsel by name as in interrogatory no. 15. [response, ¶23]

In his motion to disqualify plaintiff's counsel, defendant argues that based upon plaintiff's responses, it is clear that Coppola will be a fact witness in the case. Coupled with Coppola's ex parte communications with Hoffner, defendant argues Coppola's actions violate rules 3.7 and 4.2 of the Pennsylvania Rules of Professional Conduct

and therefore, Coppola should be disqualified as attorney of record.[3]

Little, if any, appellate case law exists with respect to the issue at hand. However, we find guidance in the federal rules as well as the opinions of several of the Pennsylvania courts of common pleas who have addressed this matter. We will consider such guidance as we address defendant's motion.

Pennsylvania Rule of Professional Conduct 3.7 provides in pertinent part as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1)  The testimony relates to an uncontested issue;

(2)  The testimony relates to the nature and value of legal services rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

Pa.R.C.P. 3.7.

Rule 3.7 specifically provides that a lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a *necessary witness*. Pa.R.C.P. 3.7 (emphasis added). "While there is no binding and clear decision as to when rule 3.7 may be applied, the consensus in Pennsylvania is that an attorney-witness is permitted to participate in pre-

---

3. Although defendant proffers that he seeks to take Coppola's deposition in order to ascertain whether he was a witness to the defamatory statements as well as whether settlement discussions occurred between Coppola and defendant, this issue was not formally addressed in defendant's motion or brief. As such, it is not before the court at this time.

trial activity and may not be disqualified under rule 3.7 until trial." *First Republic Bank v. Brand*, 51 D. & C. 4th 167, 168 (2001). "As such, any motion seeking disqualification of an attorney under rule 3.7 alone generally is premature if submitted prior to trial." *Id.*

Courts have also allowed attorneys to continue representation in cases in which they are potential witnesses if other witnesses are available to testify and it is not clear that the attorney is an indispensable witness. See *United Food and Commercial Workers Health and Welfare Fund of Ne. Pa. v. Darwin Lynch Adm'rs, Inc.*, 781 F.Supp. 1067, 1069-70 (M.D. Pa. 1991); *In re Condemnation of Lands in Scranton*, 46 D. & C. 4th 66, 99-100 (1998). "To establish that an attorney will be a necessary witness, it must be shown that the proposed testimony is relevant, material and unobtainable elsewhere." *Albert Greenfield & Co. v. Alderman*, 52 D. & C. 4th 96, 115 (2001). The term "necessary" means that no other witness is able to testify, and precludes disqualification if the lawyer's testimony would be merely cumulative. *Id.*

Even if counsel is a necessary witness at trial, the consensus in Pennsylvania is that the attorney is not precluded from representing the client in pre-trial proceedings. *Id., Robinson v. Hicks*, 2009 WL 1140093 at 2 (M.D.Pa. 2009). The United States District Court for the Middle District of Pennsylvania has further held:

It is often difficult to predict whether an attorney's testimony will be necessary until discovery closes, and deferring disqualification issues allows the court to gain familiarity with the factual underpinnings of a case through the dispositive motion process. This

experience enables the court to better assess whether counsel possesses pertinent information, whether such information is likely to be admissible at trial, and whether an alternate witness is available to introduce the testimony. *Robinson v. Hicks*, 2009 WL 1140093 at 2 (M.D.Pa. 2009).

As soon as it becomes clear that the attorney is likely to testify, the attorney should be disqualified. *In re Condemnation of Lands in Scranton*, supra.

Here, it is unclear whether Coppola's proposed testimony is evidence that cannot be obtained elsewhere or that his proposed testimony is material. Plaintiff informed defendant in its supplemental answer to interrogatory no. 15 that Coppola sent Hoffner a letter apprising him of the illegality of firing plaintiff for claiming workman's compensation benefits. Coppola then met with Hoffner and apprised him again of the same information. Finally, Coppola stated that Hoffner visited plaintiff's home and was again apprised of the same information. Based upon these facts, we can infer that plaintiff was at least present at the second meeting with Hoffner and can testify as to the information exchanged between the parties. Whether or not Coppola's testimony is cumulative is a matter deserving further discovery. Nonetheless, pursuant to the rules as stated above, defendant's motion is premature, and this court need not disqualify Coppola at this juncture.

Finally, defendant, in his motion, asserts that plaintiff's counsel should be disqualified for violating Rule of Professional Conduct 4.2. Defendant, however, did not brief or present oral argument on this issue. As such, the issue is waived.

For the reasons set forth above, defendant's motion to disqualify plaintiff's counsel will be denied without prejudice to refile at a time closer to the trial date in the event defendant is able to establish that Coppola's disqualification is then appropriate. Accordingly, we enter the following order.

## ORDER

And now, March 11, 2011, upon consideration of defendant's motion to disqualify plaintiff's counsel, said motion is denied.